FOLGER & MORIARTY v. DOW PORTABLE ELECTRIC CO.

(Circuit Court, D. Massachusetts. February 25, 1904.)

No. 1,618.

1. PATENTS—INVENTION—INSULATOR FOR SPARKING PLUGS.

The Folger, Moriarty, and Jacobson patent, No. 696,670, for an improvement in sparking plugs for electrically igniting the gas in explosive engines, which consists in surrounding the plug with two insulators, one axial and the other radial, thus forming a double insulation, is void, in view of the prior art, which shows both the insulators used singly, and also, in the McCarthy patent, No. 518,373, a combination of axial and radial insulators for the purpose of securing a double insulation.

2. SAME—SCOPE OF CLAIMS.

A claim in a patent for an insulation tube made of a "nonporous vitreous material, preferably glass," as an element of a combination, where the idea of the combination itself had been anticipated, and the only room for patentable invention was in details of construction and choice of materials, cannot be construed to include mica, where at the date of the application the patentees had attempted unsuccessfully to use mica for the construction of such tubes.

In Equity. Suit for infringement of letters patent No. 696,670, for a sparking plug, granted April 1, 1902, to Henry C. Folger, Harry Moriarty, and Edward B. Jacobson. On final hearing.

Nathan Heard, for complainants.
Edward P. Payson, for defendant.

BROWN, District Judge. This suit is for infringement of letters patent No. 696,670, granted April 1, 1902, to Folger and Moriarty, and one Jacobson, assignor to the complainants. The invention relates to improvements in "sparking plugs" for electrically igniting the gas in explosive engines. The patent has four claims, all of which are in suit; but each calls for two parts of insulating material, one surrounding the other, the outer layer consisting of a series of disks, and the inner a tubular part closely surrounding the core. The gist of the invention, it is said—

"Lies in the provision of two insulations compressed together as nearly solidly as possible, one insulation extending in a horizontal plane, and the other insulation extending in a vertical plane—that is to say, the two insulations extend in opposite directions, and each is made up of suitable refractory insulating material, capable of withstanding, without fusion or reduction to another state, the great heat to which the plug is subject; and one of said layers is integral in the direction of the length of the plug, and the other is integral in the transverse direction or radially of the plug."

The first defense is that, in view of the prior art, the claims are void for lack of invention. Insulation consisting of a series of mica washers surrounding a body to be insulated was old; being shown in letters patent No. 482,872, to C. T. Lee, dated September 20, 1892, and No. 467,942, to C. T. Lee, dated February 2, 1892. The patent to C. W. Jefferson, No. 491,708, dated February 14, 1893, discloses the use of insulation practically entirely formed of mica, and the use of a mica insulating tube. In the Patent Office it was conceded by these patentees that the mica insulation is old per se; that the disk (washer) arrange-

ment, taken alone, is also old; and that the tubular arrangement, taken alone, is likewise old. It was contended, however, that, taken together, these elements were new. But the combination of two insulations, consisting of an insulating sleeve with mica washers surrounding it, was also old, in the McCarthy patent, No. 518,373, dated April 17, 1894. In Fig. 2 of that patent is shown a short bolt, covered along its length, clear to the screw thread, with a coherent shell of nonporous insulating material. This bolt, when assembled in the insulator, has compressed mica washers strung upon its insulated part. In the specification the patentee says:

"By the construction which I have just described, I attain what I term a 'double insulation'; that is, the current requires to pass two portions of insulation in order to pass the insulator, and each of the connections, 7 and 8, are not only insulated from each other, but are also each insulated from the case within which they are contained."

Dr. Bell, the defendant's expert, summarizes the matter as follows:

"In fact, insulating sleeves and washers were so familiar in the art that any one skilled in the art of insulation would have been likely to use the two in all sorts of combinations, arranging sleeves and washers as best suited the particular problem in insulation which he had in mind."

It is the contention of the complainants that there is not disclosed in the prior art the double insulation of a "refractory insulating material" called for by the claims of the patent. Just what material is meant by the term "refractory" is not disclosed. The mica tube being old, and the mica disks being old, there hardly could be invention in combining the two in a single insulator, without some substantial evidence as to a new result which was not merely the sum of the results of the two insulators. But the combination of two insulations for the purpose of securing a double insulation, and so that the current would be required to pass two portions of insulation, the inner of which was axial and the outer radial, as shown in the McCarthy patent, completely anticipates any broad inventive idea. McCarthy is criticised on the ground that the two layers of insulation are not applied at all parts of the material to be insulated, and because plastic insulating compositions are more or less porous; but these criticisms do not render McCarthy's invention any less applicable as an anticipation of the idea of using two insulators, one axial and the other radial, in combination.

I find that the first defense is established, and that, in view of the prior art, no invention is covered by the claims, which are void. It becomes unnecessary to consider in detail the other defenses.

Upon a general view of the case, it may be said that what the complainants had succeeded in making at the time of their application, filed December 18, 1900, was a core, upon which was placed a closely fitted tube of glass. Embracing the tube was insulation consisting of a series of washers of mica, coated with an adhesive chemical compound, and compressed under heavy pressure. The complainants were of the opinion that the gist of their invention resided in the mica washers, since in their original application they stated:

"Actual practice has determined that this compressed mica insulation is not affected by the repeated alterations of intensity of current in the electric circuit; the addition of the impermeable tube, 8, further safeguarding the same. It is, of course, evident that the tube, 8, may be omitted without departing from

the spirit of our invention, and it is apparent that this insulation may be useful in other devices."

Claims were made for a method of forming insulation, consisting in forming a series of perforated disks of mica. The applicants were wrong in supposing that there was any novelty in insulation by mica disks; and the only basis for the present patent in the original application consists in the disclosure of a sparking plug comprising a core, a glass tube mounted thereon, and a series of perforated disks of mica embracing the glass tube. While the original application uses the expression, "nonporous vitreous material, preferably glass," what the complainants had used, in fact, was glass. According to their testimony, they had experimented, without success, with mica for the inner tube, and were unable to construct a sparking tube with an inner tube of mica until long after their application. Discovering in February, 1901, that they could have manufactured for them tubes of mica, they then used them instead of glass, which was somewhat objectionable on account of its liability to fracture in the construction of the sparking plug.

The defendant's sparking plug consists of an inner tube of mica surrounded by the mica washers. Dow and Jacobson, one of the patentees, testify that Dow, in the spring of 1900, before the application for the patent in suit, suggested to Jacobson the making of a sparking plug by wrapping a thin layer of mica around the spindle, and putting washers on the outside. Jacobson then thought this impractical. Dow testifies to making several plugs of this character, and is corroborated by Delano and Kelly. This was some time in September, 1900, W. T. Marsh, a manufacturer of motor cycles, testifies to seeing plugs of such construction at the defendant company's office in Boston soon after October 5, 1900, and to using two of such plugs on a motor cycle at about that time. The complainants criticise the testimony of Jacobson, and invoke the doctrine of estoppel; but the criticism is based upon an assumption that the making of a sparking plug consisting of a glass inner tube, and mica washers on the outside, was in fact the invention of a sparking plug consisting of an inner mica tube surrounded by mica washers; and the objection of estoppel by the application oath disappears when we take into consideration the admitted fact that the applicants, at the time of the filing of their application, December 18, 1900, by their own confession, had tried and failed to make a plug with an inner tube of mica. In view of what had been done by the complainants, they were hardly entitled, at the date of their application, to include under the term "nonporous vitreous material, preferably glass," mica, which they had been unable to apply. There was no novelty in the conception of two insulations, one axial and one radial, and there was room only for mere details of construction and choice of material. Upon the proofs, Dow clearly was the first to make a sparking tube of mica, and does not use anything invented by the complainants. The claims are also much broader than would be allowable, even were it proved that the patentees had been, in fact, the first to make a plug with an inner mica tube surrounded by mica washers, and are objectionable under the doctrine of the Incandescent Lamp Case, 159 U. S. 465, 476, 16 Sup. Ct. 75, 40 L. Ed. 221.

The bill will be dismissed.